**Lester KINZY, Plaintiff–Appellant,**

v.

**Neil WARREN, et al., Defendants,**

**C.L. Cannon, Mayra Ochoa–Maradiaga, Kathy Duby, Defendants–Appellees.**

No. 15–12615
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 2, 2013.

Jennifer M. Daniels, Clegg Daniels & Petrey, LLC, Decatur, GA, for Plaintiff–Appellant.

Terry Eugene Williams, Williams Morris & Waymire, LLC, Buford, GA, for Defendants–Appellees.

Mayra Ochoa–Maradiaga, Austell, GA, pro se.

Kathy Duby, Marietta, GA, pro se.

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

At issue in this appeal is whether the District Court erred in granting an officer of the Marietta, Georgia Police Department, Chris Cannon, summary judgment on Lester Kinzy's claim for malicious prosecution brought under 42 U.S.C. § 1983. The court based its ruling on the defense of qualified immunity.[1]

Kinzy's claim is founded on what Cannon did after he responded to a dispatch regarding an assault that allegedly occurred in a Wal–Mart parking lot when an automobile came close to striking a woman (the "victim"), who was walking through the lot. Cannon interviewed the victim,

1. Kinzy's complaint contained other claims under § 1983 and state law. They are irrelevant here.

who told him that she had encountered Kinzy at the Sam's Club located across the street from the Wal–Mart. She said that he approached her and made her feel uncomfortable. She asked him to leave her alone, and Kinzy became upset. She left the store, fearing that he might harm her, and drove to the Wal–Mart and parked in its parking lot. Kinzy followed her in his car and also parked in the parking lot, but closer to the store. As she began walking to the store, he aggressively backed up his car, and it would have struck her had she not run out of the way. An eye witness confirmed what the victim said. The Wal–Mart's video camera captured the episode. After viewing the video, Cannon spoke to Kinzy. He admitted backing up his car toward the victim—to keep her from writing down his tag number.

Cannon concluded that the video corroborated what the victim and the witness told him and that he had probable cause to arrest Kinzy for both simple assault and aggravated assault. So he took Kinzy into custody and then obtained an arrest warrant for aggravated assault, in violation of O.C.G.A. § 16–5–2. A grand jury indicted Kinzy for that offense, but he was acquitted following a bench trial.

Kinzy argues that the District Court erred in granting summary judgment because Cannon did not have arguable probable cause to arrest him, as the video evidence contradicted the victim and witness's statements, and negated probable cause.

We review *de novo* a district court's grant of summary judgment, "view[ing] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolv[ing] all reasonable doubts about the facts in favor of the non-movant." *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir.2007) (quotation omitted). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). We also take the facts in the light most favorable to the plaintiff when reviewing a district court's finding of qualified immunity. *Skop*, 485 F.3d at 1136.

To establish a federal malicious-prosecution claim under § 1983, a plaintiff must prove both (1) the elements of the common law tort of malicious prosecution, and (2) a violation of the Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir.2004). A plaintiff can show a violation of the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, by showing that he was arrested without probable cause. *Brown v. City of Huntsville*, 608 F.3d 724, 734 n. 15 (11th Cir.2010).

When asserting the affirmative defense of qualified immunity, an officer must first establish that he was engaged in a discretionary function when he performed the acts at issue in the plaintiff's complaint. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263–64 (11th Cir.2004). If the officer satisfies his burden of proof to show that he was engaged in a discretionary function, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Id.* at 1264. To do so, the plaintiff must prove that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. *Id.* If the plaintiff succeeds, the defendant may not obtain summary judgment on qualified-immunity grounds. *Id.*

Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the

circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Kingsland*, 382 F.3d at 1226 (quotation omitted). To receive qualified immunity, however, an officer need only have arguable probable cause to arrest, rather than actual probable cause. *Grider v. City of Auburn*, 618 F.3d 1240, 1257 (11th Cir.2010). Arguable probable cause is present where reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believed that probable cause existed. *Id.* We have recognized that an officer should not be held personally liable where the officer reasonably, but mistakenly, concludes that probable cause is present. *Id.* If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity applies. *Id.*

The District Court correctly granted summary judgment on the basis of qualified immunity, as the video did not directly contradict the witness and victim's statements, and showed that the victim was in close proximity to the vehicle as it backed out. Based on the statements and the video evidence, there was arguable probable cause to apply for a warrant for simple assault and aggravated assault.[2]

AFFIRMED.

---

**2.** Kinzy argues that Connor lacked arguable probable cause to arrest him for simple assault because the arrest warrant failed to designate that offense. We do not consider the argument because Kinzy failed to present to it to the District Court in the first instance. *See Ramirez v. Sec'y, U.S. Dept. of Transp.*, 686 F.3d 1239, 1249 (11th Cir.2012).